## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE VEILLEUX, JENNIFER CHON, ROCKY COAST FAMILY ACUPUNCTURE PC, and JAMES TILTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>ELECTRICITY MAINE, LLC, PROVIDER POWER, LLC, SPARK HOLDCO, LLC, KEVIN DEAN and EMILE CLAVET<br><br>Defendants | CASE NO:  1:16-cv-571-LEW |

## SETTLEMENT AGREEMENT

As of the final date of execution hereof, Plaintiffs Katherine Veilleux, Jennifer Chon, Rocky Coast Family Acupuncture PC, and James Tilton (collectively "Plaintiffs"), acting individually and on behalf of the Settlement Class, and Electricity Maine, LLC, Provider Power, LLC, Spark HoldCo, LLC, Kevin Dean, and Emile Clavet (collectively "Defendants") (Plaintiffs and Defendants collectively referred to herein as the "Parties" and each individually as a "Party"), enter into this Settlement Agreement ("Settlement" or "Agreement").  Subject to the Court's approval, the Parties agree that, in consideration for the promises and covenants set forth herein and upon the entry by the Court of a Final Approval Order and the occurrence of the Effective Date, the Action and all the Released Claims shall be fully, completely and forever compromised, settled, released, and discharged upon and subject to the terms and conditions set forth below:

1

## I.   <u>RECITALS</u>

**1.1**      WHEREAS, all terms with initial capitalization shall have the meanings ascribed to them in this Agreement;

**1.2**      WHEREAS, on November 18, 2016, Plaintiffs Katherine Veilleux and Jennifer Chon filed a class action complaint against Defendants in the Action, individually and on behalf of all others similarly situated, for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") – 18 U.S.C. §§ 1962(c) and 1964(d), the Maine Unfair Trade Practices Act ("MUTPA") – 5 M.R.S. § 207, and for breach of contract, negligence, negligent misrepresentation, fraudulent misrepresentation, and unjust enrichment.  Subsequently, Plaintiffs filed a First Amended Complaint for alleged violations of RICO, 18 U.S.C. §§ 1962(c) and 1964(d), MUTPA, 5 M.R.S. § 207, breach of contract, negligence, negligent misrepresentation, fraudulent misrepresentation, and unjust enrichment.  On November 16, 2017, Plaintiffs Veilleux and Chon filed a Second Amended Complaint adding Rocky Coast Family Acupuncture, PC as a Named Plaintiff.  Plaintiffs filed a Third Amended Complaint ("Complaint") on December 26, 2018, for alleged violations of RICO, 18 U.S.C. §§ 1962(c) and 1964(d), MUTPA, 5 M.R.S. § 207, unjust enrichment, and civil conspiracy, adding James Tilton as a Named Plaintiff;

**1.3**      WHEREAS, Defendants deny any and all liability with respect to the claims alleged in the Complaint;

**1.4**      WHEREAS, prior to and throughout the Action, Class Counsel has conducted a thorough examination and investigation of the facts and law relating to the matters in the Action, including, but not limited to, examining documents and data produced by Defendants, conducting depositions of Defendants and related witnesses, retaining expert witnesses to examine

Defendants' data and render opinions, and conducting an extensive investigation outside the formal discovery process;

1.5     WHEREAS, the Parties aggressively litigated this Action for over two years. Significant litigation events include numerous challenges to the legal sufficiency of Plaintiffs' claims, frequent disputes over the scope of discovery, challenges to Plaintiffs' proposed expert testimony, and Plaintiffs' Motion for Class Certification;

1.6     WHEREAS, the Parties attended a judicial settlement conference in this Action on July 1 and 2, 2019, with Magistrate Judge John Nivison;

1.7     WHEREAS, at the conclusion of the two-day judicial settlement conference on July 2, 2019, the Parties, with the assistance and advice of Magistrate Judge Nivison, agreed to certain proposed settlement terms, subject to the satisfaction of certain conditions, including the negotiation of a full and formal settlement agreement and approval of the Settlement by the Court;

1.8     WHEREAS, effective December 3, 2019, the Parties executed a Settlement Term Sheet, which set forth material terms for the Settlement of the Action;

1.9     WHEREAS, prior to agreeing to the Settlement, Class Counsel analyzed and evaluated the merits of the Parties' respective contentions and the Settlement as it impacts all Parties, including the Settlement Class Members.  Plaintiffs and Class Counsel, after taking into account the risks and costs of further litigation, are satisfied that the terms and conditions of the Settlement are fair, reasonable, and adequate, and that the Settlement is in the best interest of the Settlement Class Members;

1.10    WHEREAS, Defendants, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to the claims, consider it desirable to resolve the Action

on the terms stated herein, in order to avoid further expense, inconvenience, and interference with ongoing business operations; and

    **1.11**    WHEREAS, the Settlement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any of the Parties of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Action, or of any fault or liability on the part of Defendants.

## II.   <u>DEFINITIONS</u>

    As used in this Agreement and the attached exhibits (which are an integral part of the Settlement and are incorporated herein in their entirety by reference), the following terms shall have the meanings set forth below. Other capitalized terms in this Agreement, but not defined in this section, shall have the meanings ascribed to them elsewhere in this Agreement.  As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

    **2.1**    "Action" means the case entitled *Katherine Veilleux, Jennifer Chon, Rocky Coast Family Acupuncture PC, and James Tilton, individually and on behalf of others similarly situated v. Electricity Maine, LLC, Provider Power, LLC, Spark HoldCo, LLC, Kevin Dean, and Emile Clavet*, Case Number:  1:16-cv-571-LEW, pending in the United States District Court, District of Maine.

    **2.2**    "Administration Expenses" means the costs, fees, and expenses incurred by the Settlement Administrator for all tasks the Settlement Administrator performs in furtherance of the Notice and Claims Program, and administration of the Settlement.

    **2.3**    "Agreement" means this Settlement Agreement, including all terms, conditions, and exhibits, containing the entire agreement between the Parties.

**2.4** "Attorneys' Fees and Costs" means all reasonable attorneys' fees and out-of-pocket litigation costs and expenses incurred by Class Counsel, including but not limited to expert witness fees for the Action, which Class Counsel will seek to be awarded by the Court as described more particularly in Section VIII of this Agreement.  Class Counsel agree that the amount of Attorneys' Fees and Costs requested by them shall not exceed 28% of the Maximum Claimant Settlement Amount ($14,000,000), or $3,920,000 in the aggregate.  Defendants reserve all rights to object to and contest the amount of Attorneys' Fees and Costs requested by Class Counsel, absent a further agreement between the Parties in writing as to the amount of Attorneys' Fees and Costs to be submitted to the Court for approval.

**2.5** "Calculated Payment" means the payment available to a Claimant who submits a Valid Claim under this Agreement.  The Calculated Payment is based on the total amount of electricity purchased by that Claimant from Electricity Maine during the Class Period, and shall consist of an amount equal to $**0.0023565** per kilowatt hour purchased.  In no event shall the Calculated Payment paid to any Claimant be less than $2.50.  The specific Calculated Payment is subject to review and validation by the Settlement Administrator based upon the terms and conditions of this Agreement.

**2.6** "Claim" means a request for payment submitted by a Settlement Class Member on a Claim Form.

**2.7** "Claim Deadline" means the date by which a Claim Form must be received by the Settlement Administrator to be considered timely. The Claim Deadline will be at 11:59 p.m. Eastern Time on the last day of the Claim Period.

**2.8** "Claim Form" means the form attached hereto as Exhibit A, whether in electronic or hard copy.  The Claim Form will be sent to Settlement Class Members in the

Notice Packets. The Claim Form will also be available to Settlement Class Members with proper authentication on the Settlement Website or by calling the Settlement Administrator.

2.9    "Claim Period" means the period of time in which a Settlement Class Member must deliver a Claim Form to the Settlement Administrator, which shall begin on the date upon which the Notice Packet is mailed to the Settlement Class Members (the "Notice Date") and shall conclude ninety (90) days following the Notice Date. The end date of the Claim Period shall be set forth in the Notice.

2.10    "Claims Portal" means an interactive feature of the Settlement Website where Settlement Class Members can submit a Claim by providing their full name, current mailing address, email address, Unique Identification Code as provided by the Claims Administrator, the named account holder for the household, and a certification under oath that the Settlement Class Member (1) has read the Settlement Agreement and agrees to its terms, including the release; (2) is or was a named account holder with Electricity Maine, LLC during the Class Period; (3) has not already received a payment from Electricity Maine, LLC resolving a claim asserted in the Action; (4) did not have, and is not seeking to have, the account balance discharged due to bankruptcy or receivership; (5) has not filed to Opt-Out or otherwise sought to be excluded from the Settlement, but instead, hereby waives the right to Opt-Out and agrees to be bound by the Settlement; (6) has the legal authority to submit the claim; (7) has provided information through the Claims Portal that is accurate and complete to the best of their knowledge, information, and belief; (8) has not been excluded from the Settlement Class under Section 3.1 of the Agreement; (9) will timely provide any additional information requested by the Settlement Administrator to validate a Claim; (10) understands that by submitting a Claim through the Claims Portal, the Settlement Class Member is deemed to

11828902.2

have given a complete Release of all Released Claims; and (11) understands that Claims will be audited for veracity, accuracy, and fraud. Prior to the Settlement Class Members' certification under oath, the Claims Portal shall provide an opportunity to review the Settlement Agreement.  To submit a Claim through the Claims Portal, a Settlement Class Member shall not be required to upload any document.  The Claims Portal, as part of the Settlement Website, shall be optimized for mobile devices.

**2.11**    "Claims Program" means the program set forth in Section VI.

**2.12**    "Claimant" means a Settlement Class Member (including Plaintiffs) who does not Opt-Out, but who instead submits a Valid Claim to the Settlement Administrator in accordance with the requirements set forth in the Agreement and established by the Court.

**2.13**    "Class Counsel" means Thomas Hallett and Benjamin Donahue of Hallett, Whipple, Weyrens P.A., and Robert Cummins of The Cummins Law Firm.

**2.14**    "Class Period" means January 1, 2011 through and including November 30, 2019.

**2.15**    "Complaint" means the Third Amended Class Action Complaint filed on behalf of Plaintiffs on or about December 26, 2018.

**2.16**    "Court" means the United States District Court for the District of Maine.

**2.17**    "Day" or "Days" unless otherwise noted, means a calendar day.

**2.18**     "Electricity Maine, LLC" or "Electricity Maine" means Electricity Maine, LLC, including its officers, directors, owners, shareholders, operators, parents, subsidiaries, employees, agents, representatives, lawyers, insurers, affiliates, successors, and assigns.

**2.19**    "Provider Power, LLC" or "Provider Power" means Provider Power, LLC, including its officers, directors, owners, shareholders, operators, parents, subsidiaries, employees, agents, representatives, lawyers, insurers, affiliates, successors, and assigns.

11828902.2

**2.20** "Spark HoldCo, LLC" or "Spark" means Spark HoldCo, LLC, including its officers, directors, owners, shareholders, operators, parents, subsidiaries, employees, agents, representatives, lawyers, insurers, affiliates, successors, and assigns, including, but not limited to, Spark Energy LLC.

**2.21** "Kevin Dean" means Kevin Dean, including his agents, representatives, lawyers, insurers, affiliates, successors, and assigns.

**2.22** "Emile Clavet" means Emile Clavet, including his agents, representatives, lawyers, insurers, affiliates, successors, and assigns.

**2.23** "Defendants' Counsel" means Pierce Atwood LLP for Defendants Electricity Maine, LLC and Spark HoldCo, LLC, and Drummond Woodsum for Defendants Provider Power, LLC, Kevin Dean, and Emile Clavet.

**2.24** "Effective Date" means ten (10) business days after the expiration of the time for filing a notice of appeal from the Final Approval Order if no appeal is filed, or, if an appeal is filed, the latest of: (a) the date of final affirmance of the Final Approval Order; (b) the expiration of the time for a petition for *writ of certiorari* to review the Final Approval Order if affirmed or, if *certiorari* is granted, the date of final affirmance of the Final Approval Order following review pursuant to that grant; or (c) the date of final dismissal of any appeal from the Final Approval Order or the final dismissal of any proceeding on *certiorari* to review the Final Approval Order that has the effect of confirming the Final Approval Order.

**2.25** "Email Notice" means the electronic notice of the proposed settlement of the Action to be sent by email that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval. The Email Notice will be optimized for review on a mobile device and contain hyperlinks to the Settlement Website, and specifically to the Claims

11828902.2

Portal. The Email Notice shall bear the subject line "Notice of Electricity Maine Settlement" and include each Class Members' Unique Identification Code. The Settlement Administrator shall use industry best practices to avoid spam filters and blockers. All Email Notices shall be sent without attachments. The Email Notice shall be in the form of Exhibit B to this Agreement. The Settlement Administrator shall send the Email Notice to each Settlement Class Member for whom it has a valid email address within thirty (30) days after entry of the Preliminary Approval Order.

2.26    "Fairness Hearing" or "Final Approval Hearing" means the final hearing to be conducted by the Court, on notice to the Settlement Class, to consider final approval of the Settlement and Class Counsel's application for Attorneys' Fees and Costs. The Parties will ask the Court to schedule a Fairness Hearing within one hundred fifty (150) days from the entry of the Preliminary Approval Order.

2.27    "Final Approval Order" means the Court's Order granting final approval of the Settlement, in the form of Exhibit E to this Agreement or any substantial equivalent acceptable to the Parties.

2.28    "Long-Form Notice" means the paper notice of the proposed settlement of the Action to be sent by first class mail and posted on the Settlement Website that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement. The Long-Form Notice shall be in the form of Exhibit C to this Agreement.

2.29    "Maximum Claimant Settlement Amount" means up to the total amount of Fourteen Million Dollars ($14,000,000), which will be paid only on a "claims made basis" and in accordance with the terms of this Agreement. In no event shall Defendants' liability

to the Settlement Class, including the Named Plaintiffs' Enhancement Awards, exceed the Maximum Claimant Settlement Amount.

2.30    "Named Plaintiffs" means Plaintiffs Katherine Veilleux, Jennifer Chon, Rocky Coast Family Acupuncture PC, and James Tilton.

2.31    "Named Plaintiffs' Enhancement Award" means the monetary amount, if any, awarded by the Court in recognition of the assistance provided by the four Named Plaintiffs in the prosecution of the Action, which amount shall not exceed Five Thousand Dollars ($5,000) each. Defendants will not oppose Plaintiffs' request for an Enhancement Award.

2.32    "Notice" means the notice of the proposed settlement of the Action that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement. The Notice shall be in the form of Exhibit B and Exhibit C to this Agreement.

2.33    "Notice Packet" means the paper form of Notice mailed to all Class Members within thirty (30) days of the Preliminary Approval Order.  The Notice Packet will include the Long-Form Notice (Exhibit C), the Claims Form (Exhibit A), and a return envelope pre-addressed to the Settlement Administrator.

2.34    "Objection" means a written objection to the Settlement timely and properly filed with the Court by a Settlement Class Member.

2.35    "Objection Deadline" means the last date on which a Settlement Class Member may object to the Settlement, which shall be ninety (90) days following the Notice Packet Date. The Objection Deadline will be specified in the Preliminary Approval Order and the Notice.

**2.36**    "Opt-Out" or "Opting-Out" means a timely written request by a Settlement Class Member to be excluded from the Settlement by following the procedures set forth in the Preliminary Approval Order and the Notice.

**2.37**    "Opt-Out Deadline" means the last date on which a Settlement Class Member may request to Opt-Out, which shall be ninety (90) days following the Notice Packet Date. The Opt-Out Deadline will be specified in the Preliminary Approval Order and Notice.

**2.38**    "Person" means any natural person, corporation, partnership, business organization or association, or other type of legal entity.

**2.39**    "Preliminary Approval Order" means the Order preliminarily approving the Settlement, finding it likely that the Court will certify the Settlement Class for the purposes set forth in this Agreement, and approving the form of notice to potential Settlement Class Members, which Order shall be in the form of Exhibit D to this Agreement.

**2.40**    "Released Claims" means any and all rights and remedies of any kind, of the Settlement Class Members and also of Plaintiffs individually, including but not limited to claims; liens; demands; actions; causes of action; obligations; compensatory, punitive, liquidated, treble, and other damages however described; penalties; rescission, disgorgement, recoupment, and all other equitable, declaratory, or injunctive relief however described; liabilities; interest and costs, including attorneys' fees; of any kind or nature whatsoever, that arose or arise at any time through the date of the Final Approval Order, whether legal, equitable, or otherwise, whether known or unknown, suspected or unsuspected, existing now or arising in the future, that actually were, or could have been, asserted in the Action, including, but not limited to, claims for violations of RICO – 18 U.S.C. §§ 1962(c) and 1964(d), MUTPA – 5 M.R.S. § 207, and for breach of contract, negligence, negligent misrepresentation,

11

11828902.2

fraudulent misrepresentation, unjust enrichment, and civil conspiracy, and any and all claims related to or arising from any conduct alleged in the Complaint, as amended, or related conduct including but not limited to acts or omissions relating to any rates Electricity Maine charged for the supply of electricity under any agreements, understandings, or programs in Maine, and whether the alleged conduct or related conduct may have occurred or is based, or could be based, on any act, omission, inadequacy, misstatement, representation, harm, matter, cause, or event by any of the Released Persons.

2.41    "Released Persons" means Defendants Electricity Maine, LLC, Spark HoldCo, LLC, and Provider Power, LLC, and all of their past and present parents, subsidiaries, divisions, affiliates, and persons and entities directly or indirectly under their control; their predecessors, successors, and assigns; Defendants Kevin Dean and Emile Clavet and all of their predecessors, successors, and assigns; and the past or present partners, members, directors, officers, managers, employees, shareholders, agents, licensees, agencies, attorneys, insurers, accountants, representatives, heirs, and estates of any and all of the foregoing.

2.42    "Releasors" means each Settlement Class Member who does not submit a timely and valid written request for exclusion (Opt-Out), and any person claiming by or through him, her, or it, including any persons claiming to be his, her, or its spouse, parent, child, heir, estate, guardian, associate, co-owner, attorney, agent, administrator, executor, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, officer, employee, or affiliate.

2.43    "Settlement" means this Agreement and the terms and conditions herein.

2.44    "Settlement Administrator" means, subject to Court approval, the Heffler Claims Group, which shall administer the Claims Program as set forth herein.

11828902.2

2.45    "Settlement Class" means all residential and small commercial consumers who purchased electric supply from Electricity Maine during the Class Period.  Excluded from the Settlement Class are: (a) the Defendants; (b) officers, directors, shareholders, and employees of Defendants; (c) parents, subsidiaries, and affiliates of any Defendant; (d) any entity in which a Defendant has a controlling interest; (e) any attorneys representing Defendants in this Action, and their employees; (f) any judge to whom the Action is currently assigned or was previously assigned, and their staff; (g) Plaintiffs' Counsel and their employees; and (h) any heirs, immediate family members, successors, and assigns of all such persons.

2.46    "Settlement Class Member" means a member of the Settlement Class.

2.47    "Settlement Website" means an internet website created and maintained by the Settlement Administrator for the Settlement that is interactive, mobile-device friendly, and fully functioning prior to the Settlement Administrator sending any form of Notice. The Settlement Website shall display the Long-Form and Email Notices and related Court filings. The Settlement Website shall prominently display on its homepage a link to the Claims Portal and the toll-free numbers for the Settlement Administrator and Class Counsel.  The URL of the Settlement Website shall be provided on all forms of Notice disseminated to Settlement Class Members.

2.48    "Unique Identification Code" means a unique number assigned to each Settlement Class Member by the Settlement Administrator, included on each Claims Form mailed as part of the Notice Packet and in each Email Notice, and retrievable through the Claims Portal by Settlement Class Members who provide their full name, current mailing address, service address for the household or business that purchased electric supply from Electricity Maine during the Class Period, and the named account holder for the household or business that purchased electric supply from Electricity Maine during the Class Period.

**2.49**    "Valid Claim" means a Claim Form timely submitted by a Settlement Class Member that (a) is submitted in accordance with the directions accompanying the Claim Form or the Claims Portal and the provisions of the Settlement; (b) is, on the initial submission, accurately, fully, and truthfully completed, and executed by a Settlement Class Member, with all of the information requested in the Claim Form or the Claims Portal; (c) is signed physically or by e-signature of a Settlement Class Member personally, subject to the penalty of perjury; (d) is received by the Settlement Administrator by the Claim Deadline; and (e) is determined to be valid by the Settlement Administrator.

## III.    <u>CERTIFICATION OF THE SETTLEMENT CLASS</u>

**3.1**    For settlement purposes only, the Named Plaintiffs agree to ask the Court to certify the following "Settlement Class" under Rule 23(b)(3) of the Federal Rules of Civil Procedure:  All residential and small commercial consumers who purchased electric supply from Electricity Maine during the Class Period.

Excluded from the Settlement Class are: (a) the Defendants; (b) officers, directors, shareholders, and employees of Defendants; (c) parents, subsidiaries, and affiliates of any Defendant; (d) any entity in which a Defendant has a controlling interest; (e) any attorneys representing Defendants in this Action, and their employees; (f) any judge to whom the Action is currently assigned or was previously assigned, and their staff; (g) Plaintiffs' Counsel and their employees; and (h) any heirs, immediate family members, successors, and assigns of all such persons.  Plaintiffs' Counsel and each of their employees shall execute a waiver in the form attached hereto as Exhibit G stating that they agree to waive, fully and finally with prejudice, any and all claims related to or arising from or related to any conduct alleged in the Complaint, as amended, including but not limited to acts or omissions relating to any rates Electricity

Maine charged for the supply of electricity under any agreements, understandings, or programs in Maine, and whether the alleged or related conduct may have occurred or is based, or could be based, on any act, omission, inadequacy, misstatement, representation, harm, matter, cause, or event by any of the Released Persons.

3.2    Defendants agree not to oppose Named Plaintiffs' request for certification of the Settlement Class.  In doing so, Defendants do not waive, and instead expressly reserve, their rights to challenge the propriety of class certification for any purposes as if this Agreement had not been entered into by the Parties in the event that the Court does not approve the Settlement or the Effective Date does not occur.  The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is in no way an admission by Defendants that class certification is proper in this Action for any purpose other than for settlement, including in any other litigation against Defendants.   The Parties and Class Counsel further agree that, other than to effectuate the Settlement of this Action, the certification of the Settlement Class for settlement purposes and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, shall not be admissible against any Released Party in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, including without limitation any litigation.

## IV.  **SETTLEMENT CONSIDERATION**

4.1     Under no circumstances shall Defendants' liability to make payments to the Settlement Class Members, including the Named Plaintiffs' Enhancement Awards, exceed the Maximum Claimant Settlement Amount of $14,000,000.

4.2     In consideration of the Settlement including the Release given herein, each Claimant shall be entitled to a Calculated Payment as described in this Agreement. The total amount paid to all Claimants, including the Named Plaintiffs' Enhancement Awards, in the aggregate, shall not exceed the Maximum Claimant Settlement Amount.  In the event the aggregate total dollar value of all Claims submitted by the Claimants and the Named Plaintiffs' Enhancement Awards paid to the Named Plaintiffs exceeds the Maximum Claimant Settlement Amount, each Claimant's Calculated Payment shall be reduced and the Claimant shall receive, as a Calculated Payment, a pro rata share of the Maximum Claimant Settlement Amount. Only one Calculated Payment is payable per eligible Electricity Maine account; however, Claimants who maintained multiple accounts with Electricity Maine are not prohibited from submitting multiple Claims.

4.3     The payments to Claimants described herein will only be available on a claims made basis through submission of a Valid Claim, with no residue, and Electricity Maine will only be required to pay Valid Claims.

4.4     This Agreement does not create any property interest or unclaimed property or *cy pres* rights for Settlement Class Members who do not submit Valid Claims, or who do not present, deposit, cash, or otherwise negotiate a settlement payment, or if the Settlement is terminated.

4.5     All Settlement Class Members, Claimants, Named Plaintiffs, and Class Counsel shall be responsible for their own individual tax reporting obligations respecting the Settlement

11828902.2

and any payments thereunder.  Defendants' Counsel and the Released Parties shall not have any liability or responsibility for any taxes or tax expenses resulting from the Settlement.

4.6     Claimants will have the opportunity to select an electronic payment option for payment of the Claimant's Calculated Payment on the Claims Form or through the Claims Portal. The Claims Form and the Claims Portal will provide available cost-effective electronic payment options, including direct deposit and various digital payment methods.  Each Claimant opting to receive their Calculated Payment electronically shall select one of the identified payment options and provide the information required to make the payment (*i.e.*, routing and account numbers for a direct deposit or email address or phone number for a digital payment).  Claimants who have submitted a Valid Claim but who do not select an electronic payment option, will receive their Calculated Payment by check sent via U.S. Mail. To the extent the Claims Administrator is unable to process an electronic payment to a Claimant who selected an electronic form of payment, the Settlement Administrator shall issue a check sent via U.S. Mail.

4.7     All settlement payments issued to the Claimants will only be valid and negotiable for, and must be presented for payment or deposit within, a period of one hundred eighty (180) days.  Upon the expiration of such period, any payment not presented, deposited, cashed, or otherwise negotiated shall expire and be void.  The voiding of any payment by such passage of time shall not invalidate the Release given in Section X of this Agreement.

4.8     Electricity Maine shall waive payments of amounts owed to it by Settlement Class Members for electricity purchased during the Class Period that were more than one hundred twenty (120) days overdue as of November 30, 2019.

## V.    <u>SETTLEMENT APPROVAL</u>

**5.1**    As soon as practicable after the full execution of this Agreement, Plaintiffs shall file with the Court a motion seeking entry of the Preliminary Approval Order, in the form attached hereto as Exhibit D.  Defendants agree not to oppose this motion.

**5.2**    The Preliminary Approval Order shall accomplish the following for purposes of the Settlement only:

a.    Preliminarily approve the Settlement and this Agreement as fair, reasonable, and adequate to the Settlement Class;

b.    Find that the Settlement Class is likely to be certified for the purpose of effecting the Settlement;

c.    Designate Plaintiffs as the representatives of the Settlement Class;

d.    Designate Plaintiffs' Counsel as Class Counsel for the Settlement Class;

e.    Approve the Settlement Administrator and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Agreement and the Preliminary Approval Order:

1.    Before disseminating Class Notice, establish the Settlement Website, which Settlement Class Members can utilize to obtain additional information regarding the Settlement and submit claims through the Claims Portal;

2.    Process Claim Forms in accordance with Section VI of this Agreement;

3.    Process requests for Opt-Outs in accordance with Section VII of this Agreement; and

4.      Process Objections to the Settlement in accordance with Section VII

of this Agreement.

5.      Establish a toll-free number that Settlement Class Members can call

for information regarding the Settlement or to receive a Claims Form.

f.      Approve the form, content, and method of notice to be given to the Settlement Class

as set forth in Section VI of this Agreement; and

g.      Stay all proceedings in the Action, except such proceedings as may be necessary to

complete and implement the Settlement, until the Effective Date of the Settlement

has occurred.

**5.3**      Based on Defendants' data and information shared with Plaintiffs, Settlement Class

Members are associated with approximately 213,810 utility accounts.  Settlement Class Members

cumulatively purchased from Electricity Maine approximately 5,935,505,254 kilowatt hours of

electricity during the Class Period.  Within ten (10) business days after the Preliminary Approval

Order, Electricity Maine will, pursuant to order of the Court, provide the Settlement Administrator

with necessary data for administration of the Settlement, including, for the Settlement Class

Members, their names, phone numbers, last known addresses and email addresses, and kilowatt

hours of electricity usage during the class period by specific Settlement Class Members.  Class

Counsel will simultaneously receive a copy of all Settlement Class Member information provided

to the Settlement Administrator, but with all personal identifying information redacted, including

the redaction of Settlement Class Member names, utility account numbers, physical and email

addresses, and telephone numbers.

## VI. RESPONSIBILITIES OF SETTLEMENT ADMINISTRATOR AND PROCEDURES FOR PROVIDING NOTICE TO, AND SUBMITTING CLAIM FORMS BY, SETTLEMENT CLASS MEMBERS

6.1     The Settlement Administrator shall, subject to the supervision of the Court, administer the Settlement, provide Notice, and process Claim Forms, in a responsive and timely manner and pursuant to the requirements of this Agreement.  The Settlement Administrator shall maintain all records required by this Agreement and applicable law, and make such records available to Class Counsel and Defendants' Counsel promptly upon request.

The Parties agree that the Notices shall be in the form of Exhibits B and C to this Agreement, and shall set forth and inform the Settlement Class Members of:  (a) the background of the Action and the essential terms of the Settlement; (b) the appropriate means for obtaining additional information regarding the Settlement and the Action; (c) the appropriate means to timely submit a Claim Form; (d) the appropriate information concerning the procedure for Opting-Out from the Settlement and filing an Objection to the Settlement, if they should wish to do so; and (e) that any relief to Settlement Class Members is contingent on the Court's final approval of the Settlement.

6.2     The Settlement Administrator shall provide all usual and customary claims administration services, including, among other things, providing Notice as set forth in this Agreement by printing, emailing, mailing or otherwise arranging to disseminate Notice to Settlement Class Members; processing, administering, and validating Claim Forms and Claims Portal submissions; establishing and administering the Settlement Website; establishing a toll-free number to answer Settlement Class Members questions and responding to requests to Claims Forms; and administering the Opt-Out process described herein, including receiving and

maintaining on behalf of the Court and the Parties any Settlement Class Members' correspondence regarding Opt-Out requests from the Settlement Class.

**6.3** The Settlement Administrator shall use adequate and customary procedures and standards to prevent the payment of fraudulent Claims, including but not limited to:  validating Claims against the Defendants' records; using Settlement Class Member's Unique Identification Code that will be matched to the Notice list; and screening for multiple or fraudulent Claims. The Settlement Administrator and Parties shall have the right to audit Claims, and the Settlement Administrator may request additional information from Settlement Class Members submitting Claims. If any fraud is detected or reasonably suspected, the Settlement Administrator may request further information from the Settlement Class Member or deny the Claim, subject to the supervision of the Parties and ultimate oversight by the Court. The Settlement Administrator shall approve or deny all Claims, and its decision shall be final and binding, except that, as provided below, Class Counsel and Defendants' Counsel may challenge the Settlement Administrator's decision by motion to the Court.  To deny a claim, the Settlement Administrator shall notify the Claimant whose Claim has been denied with a notice and statement of reasons indicating the grounds for the denial.  The Settlement Administrator shall provide Class Counsel and Defendants' counsel with a report identifying any denied claims.  Class Counsel and Defendants' Counsel shall have fifteen (15) days to respond to the denial of the disputed claim after receiving the report from the Settlement Administrator.  If the Parties or a claimant cannot agree on the resolution of a disputed claim, the claim shall be presented to the Court or a court-appointed referee for summary and non-appealable resolution.

6.4     The Settlement Administrator, on behalf of Defendants, will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the motion for preliminary approval.

6.5     The Parties agree that the Settlement Administrator shall disseminate Notice in accordance with the following schedule:

   a.   Not later than thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator shall provide the Notice Packet, which shall contain a Unique Identification Code for each Settlement Class Member, to the Settlement Class Members by First Class Mail, postage prepaid.  The Notice Packet shall be sent to each Settlement Class Member on a single occasion, except if a Notice Packet is returned to the Settlement Administrator as undeliverable; and

   b.   Not later than thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator shall send the Email Notice to each Settlement Class Member for whom it has a valid email address.

6.6     The Long-Form Notice shall be available on the Settlement Website.

6.7     Prior to sending any Notice by U.S. Mail, the Settlement Administrator shall utilize the USPS National Change of Address Database and address tracing through Lexis Nexis to ensure that all Notices are sent to Settlement Class Members' current addresses.  If a Notice Packet is returned as undeliverable, the Settlement Administrator shall attempt to contact that Settlement Class Member by telephone and provide an additional Notice.

6.8     In order to ensure consistent and accurate communication regarding the terms of the Settlement, any communications with Settlement Class Members by the Parties or their counsel shall be limited to directing Settlement Class Members to the Settlement Website, providing

22

information on contacting the Settlement Administrator to make a Claim, or responding to any inquiries initiated by Settlement Class Members.

6.9     The Parties agree that the notice provisions of this Agreement are a material part of the Settlement.

6.10    In order to qualify for a Calculated Payment, Settlement Class Members must either timely deliver a properly completed Claim Form, substantially in the form of Exhibit A, or submit a Claim through the Claims Portal to the Settlement Administrator during the Claim Period using their Settlement Class Member Unique Identification Code provided in the Notice Packet, Email Notice, or retrieved through the Claims Portal.  Claim Forms and Claims Portal submissions by Settlement Class Members must be received by the Settlement Administrator on or before the Claim Deadline.

6.11    All Settlement Class Members who submit a Claim Form must sign, or in the case of Claims made online on the Settlement Website through the Claims Portal electronically confirm, as part of the Claim Form, a certification under oath that the Settlement Class Member (1) has read the Settlement Agreement and agrees to its terms, including the release; (2) is or was a named account holder with Electricity Maine, LLC during the Class Period; (3) has not already received a payment from Electricity Maine, LLC resolving a claim asserted in the Action; (4) did not have, and is not seeking to have, the account balance discharged due to bankruptcy or receivership; (5) has not filed to Opt-Out or otherwise sought to be excluded from the Settlement, but instead, hereby waives the right to Opt-Out and agrees to be bound by the Settlement; (6) has the legal authority to submit the claim; (7) has provided information that is accurate and complete to the best of their knowledge, information, and belief; (8) has not been excluded from the Settlement Class under Section 3.1 of the Agreement; (9) will

timely provide any additional information requested by the Settlement Administrator to validate a Claim; (10) understands that, by submitting a Claim, the Settlement Class Member is deemed to have given a complete Release of all Released Claims; and (11) understands that Claims will be audited for veracity, accuracy, and fraud.  The Claim Form will also require the Settlement Class Member to provide the Settlement Class Member's Unique Identification Code provided by the Settlement Administrator in the Notice Packet and Email Notice or available with proper authentication on the Claims Portal.

6.12    Only Settlement Class Members who submit a timely Claim Form or Claim through the Claims Portal, determined by the Settlement Administrator to be a Valid Claim, shall receive a Calculated Payment.  Any Settlement Class Member who fails to submit a timely and valid Claim Form, and who does not Opt-Out, shall not be eligible to receive any Calculated Payment, but in all other respects shall be bound by all of the terms of this Agreement, including the terms of the Final Approval Order and the Release provided for herein, and shall be permanently barred and enjoined from bringing any action, claim, or proceeding of any kind against any of the Released Parties concerning any of the Released Claims.

6.13    No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Agreement.

6.14    The Settlement Administrator shall create and maintain the Settlement Website which will provide, among other things, the Claims Portal, copies of the Long-Form Notice, Email Notice, this Agreement, the Settlement Administrator's contact information, the Third Amended Complaint and Defendants' Answers thereto and certain selected Court orders from the Action,

the motions for and memoranda and affidavits in support of preliminary and final approval of the Settlement submitted by the Plaintiffs, and a method for requesting the Claim Form.

## VII.   OPT-OUTS AND OBJECTIONS

### 7.1   Opt-Out

a.       Any Settlement Class Member, other than the Named Plaintiffs, may elect to be excluded from this Settlement by delivering written notice of the election to Opt-Out to the Settlement Administrator on or before the Opt-Out Deadline.  Opt-Out requests must: (i) be signed by the Settlement Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Settlement Class Member; and (iii) expressly request to Opt-Out from the Settlement in the "Electricity Maine Class Action." No Opt-Out request will be valid unless all of the information described above is included and timely received by the Settlement Administrator by the Opt-Out Deadline.  No Settlement Class Member, or any person acting on behalf of, or in concert or participation with, the Settlement Class Member, may exclude any other Settlement Class Member from the Settlement.  Settlement Class Members who do not timely and properly submit a written request to Opt-Out shall be bound by all of the terms of this Agreement, including the terms of the Final Approval Order and the Release provided for herein, and shall be permanently barred and enjoined from bringing any action, claim, or proceeding of any kind against any of the Released Parties concerning any of the Released Claims.

b.       If a Settlement Class Member submits a timely Claim Form or submits a Claim through the Claims Portal, and a timely request to Opt-Out, the Claim Form or Claims Portal submission shall govern.

11828902.2

c.      In the event that more than five percent (5%) of the Settlement Class Opts-Out, Defendant Electricity Maine shall have the option, at its sole discretion, to terminate this Agreement, in which circumstance the Settlement will become null and void and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of the date of this Agreement as set forth in Section XIII.  Within five (5) business days after receiving notice from the Settlement Administrator that this threshold has been reached, which notice, and list of Opt-Outs, shall be provided by the Settlement Administrator not later than ten (10) business days before the Final Approval Hearing, Defendant Electricity Maine must notify Defendants' Counsel, Class Counsel, and the Court if it intends to exercise this exclusive right to terminate.

d.      Named Plaintiffs affirmatively support this Settlement and shall not Opt-Out of this Settlement.

e.      Neither Named Plaintiffs, Class Counsel, Defendants, nor Defendants' Counsel shall in any way encourage any Settlement Class Member to Opt-Out or discourage any Settlement Class Member from participating in the Settlement.

**7.2     Objections**

a.      Any Settlement Class Member who wishes to object to the Settlement must file a written Objection and notice of intention to appear before the Court at the Fairness Hearing and serve copies on the Settlement Administrator, Class Counsel, and Defendants' Counsel.  To be heard at the Fairness Hearing, Settlement Class Members must make an Objection in writing and file it with the Clerk of the Court by the Objection Deadline.  Any Objection must (1) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (2) state whether it applies only to the objector, to a specific

26

subset of the class, or to the entire class; (3) include a statement of such Settlement Class Member's specific Objection(s); (4) state the grounds for the Objection(s); (5) identify any documents such objector desires the Court to consider; and (6) provide all information requested on the Claim Form.

b.      Upon the filing of an Objection, Class Counsel and Defendants' Counsel may take the deposition of the objecting Settlement Class Member at an agreed-upon time and location, to obtain any evidence relevant to the Objection.

## VIII.   CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, AND NAMED PLAINTIFFS' ENHANCEMENT AWARDS

**8.1**     Subject to Court approval, Thomas Hallett and Benjamin Donahue of Hallett, Whipple, Weyrens P.A., and Robert Cummins of The Cummins Law Firm shall be appointed Class Counsel, without prejudice to Defendants' right to contest the appointment in the event that this Agreement is not fully implemented in accordance with its terms.

**8.2**     Class Counsel may file an application for the award of Attorneys' Fees and Costs in an amount that shall not, in the aggregate, exceed twenty-eight percent (28%) of the $14 million Maximum Claimant Settlement Amount, or $3,920,000.  Class Counsel's application shall state the actual amount of fees and costs incurred by Class Counsel in prosecuting this Action, including a summary all hours spent and hourly rates applied, and Class Counsel agree to make available to Defendants and to the Court such records and information as support those actual fees and costs, as reasonable and necessary to perform a lodestar analysis of the fees and costs requested. Defendants may oppose Class Counsel's application for fees and costs, and reserve all rights to contest any application for fees and costs by Class Counsel.  Class Counsel will also submit to the Court a motion seeking approval of the payment of Named Plaintiffs' Enhancement Award, in an amount which shall not exceed Five Thousand Dollars ($5,000) per Named Plaintiff, as

compensation for Plaintiffs' efforts in bringing the Action and achieving the benefits of the Settlement on behalf of the Settlement Class.  No interest will accrue on such amounts at any time. Defendants will not oppose the request for Named Plaintiffs' Enhancement Awards.

      a.     Defendant Electricity Maine will pay the amounts approved by the Court for the Attorneys' Fees and Costs and the Named Plaintiffs' Enhancement Awards, subject to the limits stated above, within fourteen (14) business days after the Effective Date.

      b.     The Court's approval of the Attorneys' Fees and Costs and the Named Plaintiffs' Enhancement Awards within the bounds described by this Settlement shall not be deemed material to, or a condition of, the Settlement.  Even if the Court denies, in whole or part, the Attorneys' Fees and Costs requested by Class Counsel, and the Named Plaintiffs' Enhancement Awards requested by Plaintiffs, the Parties agree that the remainder of the terms of this Agreement shall remain in full force and effect.

      **8.3**     Class Counsel and Plaintiffs shall provide Defendants Counsel with all necessary accounting and tax information, including W-9 forms, with reasonable advance notice to allow Defendants to make the payments set forth above.

      **8.4**     Class Counsel shall file the application for the award of Attorneys' Fees and Costs, and motion for Named Plaintiffs' Enhancement Award, within sixty (60) days after the Notice Packet is sent out.

## IX.   <u>FINAL APPROVAL</u>

      **9.1**     Class Counsel shall file a motion for final approval of the Settlement within sixty (60) days after the Notice Packet is sent to Settlement Class Members.

      **9.2**     This Agreement is subject to, and conditioned upon, the issuance of the Final Approval Order by the Court.  If the Settlement is finally approved, the Court will enter a judgment

dismissing the Action and all causes of action raised therein, with prejudice, as part of the Final Approval Order. The Parties waive any right to appeal or collaterally attack the Final Approval Order entered by the Court if substantially in the form of Exhibit E to this Agreement without material modifications.

9.3     At the Fairness Hearing, Plaintiffs shall request entry of the Final Approval Order:

     a.     certifying the Settlement Class for purposes of the Settlement only;

     b.     finally approving the Settlement, without material modification, as fair, reasonable, and adequate and directing its consummation pursuant to its terms;

     c.     providing that each Settlement Class Member, who does not properly and timely Opt-Out in accordance with the terms of the Settlement, shall be bound by all provisions of the Settlement and the Final Approval Order;

     d.     directing that the Action be dismissed, with prejudice, without cost to either side, except as provided for herein, and releasing the Released Parties from the Released Claims; and

     e.     reserving jurisdiction over the Action, including all future proceedings concerning the administration, consummation, and enforcement of the Settlement.

9.4     Except as expressly set forth in this Agreement, the terms set forth herein are material and essential provisions, and in the event that the Court does not approve and accept all such provisions of this Agreement, this Agreement or any part of it is materially modified by the Court or is materially modified upon appeal or remand, or if the Effective Date does not occur,

this Agreement may be terminated and voided ab initio at the election of any Party pursuant to Section XIII.

9.5    For purposes of this Agreement, a "material modification" is one that substantially affects the rights or obligations of one or more of the Parties. Without limiting the foregoing and by way of illustration only, material modifications include, but are not limited to: (a) any change to the scope of the Released Claims; (b) any change to the Final Approval Order which limits or reduces any of the protections afforded to Defendants, (c) any increase in the cost of the Settlement to be borne by Defendants, to be determined at the sole discretion of Electricity Maine; or (d) any material change to the Notice, Claim Form, and claim or notice process.  No order or action of the Court pertaining to Attorneys' Fees and Costs or the Named Plaintiffs' Enhancement Awards shall be considered to constitute a material modification so long as such order, action, or modification does not increase the cost thereof to be borne by Defendants, and does not require that Defendants do anything not specifically set forth herein.

## X.    **RELEASE**

10.1    Upon the Effective Date and without any further action by the Court or by any Party to this Agreement, Releasors, for good and sufficient consideration, the receipt and adequacy of which are acknowledged, shall be deemed to, and shall, in fact, have remised, released, and forever discharged any and all Released Claims, which they, or any of them, had, has, or may in the future have or claim to have, against any of the Released Persons.

10.2    The Releasors acknowledge and agree that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to finally and forever settle and release the Released Claims that they may have.

11828902.2

**10.3**    In consideration of the Settlement and any Attorneys' Fees and Costs that are awarded by the Court, Class Counsel shall release the Released Persons of, and from, any and all claims for additional attorneys' fees and out-of-pocket litigation costs and expenses, beyond those granted by the Court.

**10.4**    The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Action.

## XI.    <u>REPRESENTATIONS AND WARRANTIES</u>

The Parties and their counsel represent and warrant, as follows:

**11.1**    Each Party has had the opportunity to receive, and has received, independent legal advice from his, her, or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

**11.2**    Defendants represent and warrant: (a) that they have the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (b) that the execution, delivery, and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Defendants; and (c) that the Agreement has been duly and validly executed and delivered by Defendants and constitutes their legal, valid, and binding obligations.

**11.3**    Plaintiffs represent and warrant that they are entering into the Agreement, on behalf of themselves individually and as the proposed representatives of the Settlement Class, of their own free will and without the receipt of any consideration other than what is provided in this Agreement and disclosed to, and authorized by, the Court.  Plaintiffs further represent and warrant

that they have reviewed the terms of the Agreement in consultation with Class Counsel and believe them to be fair and reasonable, and agree that they will not file an Opt-Out request or an Objection.

11.4   Plaintiffs also represent and warrant that no portion of any claim, right, demand, action, or cause of action against any of the Released Persons that Plaintiffs have or may have arising out of this Action or could have asserted in this Action, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner, or is subject to any lien or other interest held by a third party.

11.5   Neither Party relies, or has relied, on any statement, representation, omission, inducement, or promise of the other Party, or any officer, agent, employee, representative, or attorney for any other Party, in executing this Agreement, or entering the Settlement provided for herein, except as expressly stated in this Agreement.

XII.   <u>**NO ADMISSIONS OF FAULT**</u>

This Agreement is conditioned upon final approval of the Court, and is made for settlement purposes only and does not represent an admission of liability or wrongdoing by any Party. Whether or not consummated, this Agreement shall not be construed as, offered in evidence as, received in evidence as, or deemed to be, evidence of a presumption, concession, or an admission by Plaintiffs, Defendants, any Settlement Class Member, or Released Persons, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation; or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation; or of any liability, fault, wrongdoing or otherwise of such person.  Any reference to the alleged business practices of Defendants in the Settlement or the related court hearings and processes shall create no evidentiary or other inference

regarding the propriety of those business practices or any other business practices of Defendants or its affiliates.

## XIII.  **TERMINATION OF AGREEMENT**

**13.1**     Except as expressly set forth herein, Defendants and Plaintiffs each shall have the right to terminate the Settlement by providing written notice of their election to do so to the other Party within twenty (20) days after the date on which: (a) the Court declines to enter the Preliminary Approval Order or makes material changes thereto; (b) the Court refuses to approve the Settlement or any material part thereof; (c) the Court declines to enter the Final Approval Order or makes material changes thereto; (d) the Final Approval Order is vacated, modified, or reversed in any material respect; or (e) the Effective Date otherwise does not occur.

**13.2**     Except as otherwise provided herein, in the event the Settlement and this Agreement are terminated, or if the Effective Date fails to occur for any reason, the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of the date of this Agreement, and the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered and without any prejudice in any way from the negotiations, fact, or terms of the Settlement.   Furthermore, in such event, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with this Agreement shall be without prejudice to any Party, Settlement Class Member, or Released Person; shall not be admissible or offered into evidence in any action or proceeding; shall not be deemed, asserted, or construed to be an admission or confession by any Party or any other person or entity of any fact, matter, or proposition of law; shall not be used or asserted in any other manner or for any purpose; and all Parties, Settlement Class Members, and Released Persons shall stand in the same position as if this Agreement and Settlement had not been negotiated, made, or submitted to the Court.

11828902.2

## XIV   MISCELLANEOUS PROVISIONS

### 14.1   Entire Agreement

This Agreement, together with the exhibits hereto, constitutes the complete and entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda, and agreements between the Parties.  Neither Plaintiffs nor Defendants are entering into this Agreement in reliance upon any representations, warranties, or inducements other than those contained in this Agreement.

### 14.2   Plaintiffs' Authority

Class Counsel represents and warrants that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Plaintiffs and, subsequent to an appropriate Order, the Settlement Class, in order to effectuate the terms of this Agreement.

### 14.3   Counterparts

This Agreement may be executed in one or more counterparts, all of which together shall be deemed to be one and the same instrument. The Parties agree that a copy of the executed counterparts may be filed with the Court in connection with Plaintiffs' motion for preliminary approval without the need to collate and file a copy with original signatures.

### 14.4   Cooperation

The Parties shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities, as set forth in this Agreement.

**14.5    Binding Nature**

This Agreement shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, successors, and assigns of the Plaintiffs, Settlement Class Members, Defendants, and the Released Persons.

**14.6    Construing the Agreement**

This Agreement shall be construed as jointly drafted by the Parties.  It is recognized that this Agreement is the result of arm's-length negotiations between the Parties, and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement; accordingly, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.

**14.7    Choice of Law**

This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of Maine, exclusive of choice of law principles.

**14.8    Jurisdiction**

The Parties submit to the exclusive jurisdiction of the Court for the purpose of enforcing this Agreement or implementing any part of the Settlement embodied in this Agreement, except the Parties agree in the event of any future dispute concerning the Settlement, they will first ask Magistrate Judge John Nivison to mediate that dispute.

**14.9    Headings**

The captions and headings employed in this Agreement are for convenience only, are not a part of the Agreement, and shall not be used in construing or interpreting the Agreement.

### 14.10   Media and Contact of Class Members

The Parties and their counsel agree that simultaneously with the Settlement Administrator's dissemination of the Notice Packet, they will jointly issue the media statement in the form attached hereto as Exhibit F.  Beyond the joint media statement, if the Parties or their counsel are contacted by the press, media, or any industry association, they will respond only that the Action has been amicably resolved to the Parties' mutual satisfaction and direct the contacting party to the Settlement Website or Settlement Administrator.  Prior to the Effective Date, no Party or their counsel shall make any reference to the value of the Settlement on any website, in any promotional material, or otherwise, except as required by law.  The Settlement Administrator and Class Counsel may post the Long-Form and Email Notices and the motions for preliminary and final approval on their respective websites.  Any posting on Class Counsel's website shall be in a format, style, and manner consistent with the settlement summaries routinely and presently posted on that website concerning other litigation.

### 14.11   Evidentiary Preclusion

The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Person or the appropriateness of class certification in any proceeding in any court, administrative agency, or other tribunal. In addition, any failure of the Court to approve the Settlement and any objections or interventions may not be used as evidence in the Action or any other proceeding for any other purpose

11828902.2

whatsoever. However, the Released Persons may file the Agreement and the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim including based on principles of res judicata, collateral estoppel, release, accord and satisfaction, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

### 14.12   Effectiveness, Amendments, Binding Nature, and Third-Party Beneficiaries

a.      This Agreement may be amended only in writing signed by the Parties. Except as otherwise stated above, each Party, including Plaintiffs on behalf of themselves and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Agreement are hereafter found to be other than as now believed or assumed by that Party to be true or applicable, this Agreement shall nevertheless remain effective.

b.      All Released Persons other than Defendants are intended to be third-party beneficiaries of this Agreement.

### 14.13   Cooperation to Stay or Otherwise Dismiss Other Proceedings

The Parties agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Settlement Class Member in, any other proceedings against any of the Released Persons which challenges the Settlement or otherwise asserts or involves, directly or indirectly, the Released Claims.

### 14.14   Notices

Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

11828902.2

a.      If to Plaintiffs or Class Counsel:

Thomas F. Hallett
Benjamin N. Donahue
HALLETT WHIPPLE WEYRENS
6 City Center
Suite 208
Portland, Maine 04101
thallett@hww.law
bdonahue@hww.law

        and

Robert P. Cummins
THE CUMMINS LAW FIRM, P.C.
Two Canal Plaza
P.O. Box 4600
Portland, ME  04112-4600
rpc@cumminslawfirm.com

b.      If to Defendants or Defendants' Counsel:

John J. Aromando
Katherine S. Kayatta
Sara A. Murphy
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
jaromando@pierceatwood.com
kkayatta@pierceatwood.com
smurphy@pierceatwood.com

        and

Melissa A. Hewey
Amy K. Olfene
Adrianne E. Fouts
DRUMMOND WOODSUM
84 Marginal Way
Suite 600
Portland, ME 04101
mhewey@dwmlaw.com
aolfene@dwmlaw.com
afouts@dwmlaw.com

### 14.15   Protective Orders

All orders, agreements, and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents.

### 14.16   Waiver

The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

### 14.17   Exhibits

All exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.  Notwithstanding the foregoing, in the event that a conflict or inconsistency exists between the terms of this Agreement and the terms of any exhibit hereto, the terms of this Agreement shall prevail.

### 14.18   Counting of Days

If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or Court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

### 14.19   Attorneys' Fees

Except as expressly provided herein, each of the Parties shall bear his, her, or its own attorneys' fees and expenses in connection with the Action and the Settlement.

**14.20  Support From The Parties**

After a full investigation, discovery, and arm's-length negotiations, the Parties and their counsel agree that they: (a) have independently determined that this Settlement is in the best interest of the Settlement Class; (b) shall support motions for entry of the Preliminary Approval Order and Final Approval Order; and (c) will not encourage any persons to Opt-Out or file an Objection to the Settlement or this Agreement.

*(Signature page follow)*

40

Dated this 19th day of March, 2020

**On behalf of Named Plaintiffs and the Settlement Class:**


/s/ Thomas F. Hallett
Thomas F. Hallett
Benjamin N. Donahue
HALLETT WHIPPLE WEYRENS
6 City Center, Suite 208
Portland, Maine 04101
(207) 775-4255
thallett@hww.law
bdonahue@hww.law


/s/ Robert P. Cummins
Robert P. Cummins
THE CUMMINS LAW FIRM, P.C.
Two Canal Plaza
P.O. Box 4600
Portland, ME  04112-4600
(207) 553-4712
rpc@cumminslawfirm.com

**On behalf of Defendants Electricity Maine, LLC and Spark HoldCo, LLC**


/s/ John J. Aromando
John J. Aromando
Katherine S. Kayatta
Sara A. Murphy
PIERCE ATWOOD LLP
Merrill's Wharf, 254 Commercial Street
Portland, ME  04101
Tel:  207-791-1100
jaromando@pierceatwood.com
kkayatta@pierceatwood.com
smurphy@pierceatwood.com


**On behalf of Defendants Provider Power, LLC, Kevin Dean, and Emile Clavet**


/s/ Melissa A. Hewey
Melissa A. Hewey
Amy K. Olfene
Adrianne E. Fouts
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME 04101
Tel: (207) 772-1941
mhewey@dwmlaw.com
aolfene@dwmlaw.com
afouts@dwmlaw.com

11828902.2