UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE VEILLEUX, JENNIFER CHON, ROCKY COAST FAMILY ACUPUNCTURE PC, and JAMES TILTON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ELECTRICITY MAINE, LLC, PROVIDER POWER, LLC, SPARK HOLDCO, LLC, KEVIN DEAN and EMILE CLAVET, <br><br> Defendants. | No. 1:16-cv-571-LEW |

### AMENDED ORDER ON FINAL SETTLEMENT APPROVAL AND ATTORNEYS' FEES AND EXPENSES

The matter is before the Court on the parties' joint Motion to Amend Final Approval of Class Action Settlement and Order for Attorney Fees and Costs (ECF No. 248), which motion is unopposed. On October 14, 2020, I conducted a Final Approval Hearing in accordance with Fed. R. Civ. P. 23(e)(2) to assess the fairness and reasonableness of the proposed class action settlement, and to address Class Counsel's application for a fee award and the Named Plaintiffs' enhancement award. For the reasons stated below, I approve the settlement and grant the motion for attorneys' fees.

**BACKGROUND**

The four named Plaintiffs in this dispute are the individuals Kathleen Veilleux, Jennifer Chon, and James Tilton, and the small business Rocky Coast. The Plaintiffs, on their own behalf and on behalf of a putative class of customers of Defendant Electricity Maine, allege that Electricity Maine, and co-defendants Provider Power, Spark Holdco, Kevin Dean and Emile Clavet, engaged in a scheme to entice electricity customers to enroll with Electricity Maine, which scheme allegedly consisted of false promises of savings, automatic renewals at inflated rates, misdirected notices of automatic renewal and increased cost, and the imposition of fees in the event customers attempted to unenroll from the Electricity Maine program.

Plaintiffs filed suit on November 18, 2016.  On November 15, 2017, the Court granted in part and denied in part Defendants' Motion to Dismiss. Jurisdiction is founded on the RICO statute. The matter now proceeds on the Third Amended Complaint and has managed to evade an earlier class certification determination due to a motion to compel arbitration filed February 14, 2019, one month before the deadline for Plaintiff's class certification motion.  In July of 2019, the parties commenced active settlement discussions, with judicial oversight, and I stayed proceedings following receipt of a joint motion to stay. On May 13, 2020, I entered the Order Approving Unopposed Motion for Preliminary Approval of Class Action Settlement, in which Order I directed that notice be provided to the class to apprise the class of the settlement terms and to enable the presentation of claims, opt-outs, and objections by members of the class.

## DISCUSSION

A. **Class Certification**

I previously granted (ECF No. 235) Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, which entailed a preliminary certification of the following Rule 23 Settlement Class for the sole, and limited, purpose of implementing the terms of the Settlement Agreement, subject to my final approval:

> All residential and small business consumers who purchased electricity from Electricity Maine, LLC during the period from January 1, 2011 through and including November 30, 2019. [1]

An action can be settled as a class action that binds absent class members only if it is first certified as a class action under Rule 23. Certification of a class action requires that the litigation meet the requirements of Rule 23(a) and at least one requirement of Rule 23(b).

This action satisfies the requirements of Rule 23 such that it may be certified for settlement purposes. More specifically, final certification for settlement purposes is appropriate given the size of the class, the impracticability of joinder, common issues susceptible to class-wide resolution, the representatives' presentation of claims that are typical of the class, the adequacy of the representatives and counsel who have fairly protected the interests of the class, and given that common questions predominate in this litigation, making a class-wide resolution superior to other means of final adjudication of the controversy. Fed. R. Civ. P. 23(a), (b).

---

[1] There are forty-four individuals who timely opted out of the class action settlement, and their names are on the docket (ECF No. 244), under seal. In addition, the following categories of persons are excluded from the Settlement Class: (a) the Defendants; (b) officers, directors, shareholders, and employees of the Defendants; (c) parents, subsidiaries, and affiliates of any Defendant; (d) any entity in which a Defendant has a controlling interest; (e) any attorneys representing Defendants in this Action, and their employees; (f) any judge to whom the action is currently assigned or was previously assigned, and their staff; (g) Plaintiffs' Counsel and their employees; and (h) any heirs, immediate family members, successors, and assigns of all such persons.

### B. Fairness and Reasonableness of the Proposed Settlement

Concerning the proposed settlement, I find: (1) notice has been directed to Settlement Class Members who would be bound by the settlement; (2) a fairness hearing was held; (3) the parties have filed their settlement agreement and have confirmed that there are no additional agreements made in connection with the settlements; (4) there have been no previous class certifications under Rule 23(b)(3); and (5) no objectors have appeared. *See* Fed. R. Civ. P. 23(e). Regarding the question of fairness, I find that the relief provided for the class is adequate based on the factors identified under Rule 23(e)(2)(C). Specifically, considering the *Scovil* factors, *Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-cv-515-DBH, 2014 WL 1057079, at *2 (D. Me. Mar. 14, 2014), which enhance Rule 23(e), I find:

(1) The settlement amount is a reasonable approximation of the likely result of trial and compensates rate payers for excess costs, both through reimbursement and through forgiveness of unpaid amounts more than 120 days overdue as of November 30, 2019;

(2) Settlement was reached after substantial discovery and difficult pretrial proceedings, including consideration of a motion to compel arbitration, in which proceedings Defendants presented a vigorous defense to the action;

(3) Opt-outs are fewer than 50 in a class proceeding that produced roughly 44,000 claims, and no objections were returned or presented at the final hearing, demonstrating that consumer reaction to the proposed settlement does not disfavor the proposed settlement;

(4) Class Counsel have engaged in zealous advocacy for the class;

(5) Settlement discussions have been in earnest and burdensome to the parties, and the settlement reflects an adversarial process and arms-length negotiations; and

(6) Settlement is reasonable given the prospects and burdens of continued litigation.

## C. Enhancement Award

Class Counsel has proposed, and the Defendants do not object to, service payments to each of the four Named Plaintiffs in the amount of $5,000. "Incentive awards are an appropriate means for encouraging individuals to undertake the responsibility of representative lawsuits." *Carlson v. Target Enter., Inc.*, 447 F. Supp. 3d 1, 5 (D. Mass. 2020). The incentive award is reasonable given the duties undertaken by Named Plaintiffs. Accordingly, Defendants are ordered to pay each Named Plaintiff $5,000.

## D. Attorney Fee Award

Pursuant to Rule 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The Plaintiffs' counsel has requested $2,740,793 in attorney fees, plus $159,206.99 for reimbursement of non-taxable costs. Defendants do not oppose the request.

The fee request is based on a percentage of fund, representing approximately 20 percent of the $14,000,000 fund made available to pay the potential claims of class members, though it is apparent that the claims filed in the claim submission process will not result in payments of as much as $14,000,000.[2] Nevertheless, Plaintiffs' request is in

---

[2] Only about 20 percent of the Settlement Class submitted claims.

keeping with the "prevailing praxis," *Heien v. Archstone*, 837 F.3d 97, 100 (1st Cir. 2016), and I find the unopposed percentage of fund request to be reasonable. Counsel undertook considerable risk in this case, invested roughly $140,000 in experts, alone, and ploughed hours into the litigation that would warrant a lodestar award of roughly $1,300,000. Given these considerations, the enhancement that results from the percentage of fund approach is reasonable.

Accordingly, the Amended Motion for Attorney Fees and Costs (ECF No. 238) is **GRANTED**. Defendants are ordered to pay $2,740,793 in attorney fees, plus $159,206.99 for reimbursement of non-taxable costs.

## FINAL APPROVAL OF SETTLEMENT

For the reasons stated above, I APPROVE final settlement of all claims in this matter and the plan of distribution, and therefore GRANT Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 236).

All Settlement Class Members who did not actively opt-out of the case (and the Settlement thereof) shall be bound. More specifically, each and every Settlement Class Member, who did not timely and properly Opt-Out, and any person actually or purportedly acting on behalf of any such Settlement Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Persons. This permanent bar and injunction is necessary to protect and effectuate the Settlement

Agreement, this Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

This Action and the causes of action set forth in the Original and First-, Second-, and Third-Amended Complaint are dismissed with prejudice. The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement or in this Order.

Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment for this Action or in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, waiver, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

If for any reason the Effective Date does not occur, then (a) the certification of the Settlement Class shall be deemed vacated, (b) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues; (c) the Parties shall return to the status quo ante in the Action as it existed on the date the Settlement Agreement was executed, without prejudice to the right

of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

Within 210 days from the Effective Date, the Settlement Administrator shall destroy all personal identifying information about any Settlement Class Member in its possession, custody, or control, including but not limited to any list that the Settlement Administrator received from Defendants in connection with the Settlement Administrator's efforts to provide Notice to Settlement Class Members.

## CONCLUSION

The Joint Motion to Amend Order on Final Settlement Approval and Attorneys' Fees and Expenses and for Entry of Final Judgment (ECF No. 248) is **GRANTED**. Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 236) is **GRANTED**. Plaintiffs' Amended and Unopposed Motion for Award of Attorney Fees and Costs (ECF No. 238) is **GRANTED**.

This case is hereby **DISMISSED WITH PREJUDICE** pursuant to the terms of the parties' Settlement Agreement. This is a final, appealable order, and shall constitute a final judgment for purposes of Rule 54 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated this 9th day of November, 2020.

                                          /s/ Lance E. Walker
                                     UNITED STATES DISTRICT JUDGE