## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE VEILLEUX, JENNIFER CHON, ROCKY COAST FAMILY ACUPUNCTURE PC, and JAMES TILTON, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ELECTRICITY MAINE, LLC, PROVIDER POWER, LLC, SPARK HOLDCO, LLC, KEVIN DEAN and EMILE CLAVET,<br><br>　　　　　Defendants. | No. 1:16-cv-571-LEW |

## **FINAL JUDGMENT**

The Court, having entered the Amended Order on Final Settlement Approval and Attorneys' Fees and Expenses, hereby **ENTERS JUDGMENT** as follows:

1. The Court incorporates herein by reference the Amended Order on Final Settlement Approval and Attorneys' Fees and Expenses, which granted final approval to the Settlement Agreement (ECF No. 232-1)[1], certified the Settlement Class for settlement purposes, and granted Plaintiffs' requests for attorneys' fees and reimbursement for expenses, and Enhancement Awards to the Named Plaintiffs.

---

[1] Except as specifically modified by the Amended Order on Final Settlement Approval and Attorneys' Fees and Expenses, all capitalized terms used herein shall have the meaning they have in the Settlement Agreement.

2. This Action is hereby dismissed with prejudice as to all parties and all Settlement Class Members, each side to bear its own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement or in the Amended Order on Final Settlement Approval and Attorneys' Fees and Expenses.

3. All Settlement Class Members who did not actively opt-out of the case (and the Settlement thereof) shall be bound. More specifically, each and every Settlement Class Member, who did not timely and properly Opt-Out, and any person actually or purportedly acting on behalf of any such Settlement Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Persons. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

**SO ORDERED.**

Dated this 9th day of November, 2020.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE